UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PANAMA CITY DIVISION

JAMES RUSSELL JOHNSON,
    Petitioner,

vs.                                                    Case No.: 5:20cv131/TKW/EMT

STATE OF FLORIDA,
    Respondent.
_____/

## **ORDER and REPORT AND RECOMMENDATION**

Petitioner James Russell Johnson ("Johnson") is a pre-trial detainee in the Calhoun County Jail awaiting trial on several charges pending in the Circuit Court in and for Calhoun County, Florida, Case No. 2019-CF-157 (*see* ECF No. 7 at 3, 33–36 (attached state court docket)).[1] In accordance with the court's order, Johnson filed an amended habeas petition under 28 U.S.C. § 2241 (ECF No. 7). He has also filed a motion to proceed in forma pauperis ("IFP") with supporting documentation (ECF No. 8).

Johnson's IFP motion and supporting documentation show that he qualifies to proceed IFP under 28 U.S.C. § 1915. Therefore, his IFP motion will be granted.

---

[1] The court refers to the page numbers automatically assigned by the court's electronic filing system, rather than the page numbers of the original documents.

I.   JOHNSON'S CLAIMS

In his amended petition (the operative pleading), Johnson states he is being held in custody in violation of his speedy trial rights and his right to effective assistance of counsel (ECF No. 7 at 4–5, 8). Johnson attached several documents to his amended petition, including the state court docket in his criminal case, copies of speedy trial documents he filed in state court (specifically, a Demand for Speedy Trial, a Notice of Expiration of Speedy Trial, and a Motion for Dismissal for Failure to Try in Speedy Trial Time), and copies of correspondence between him and his appointed counsel (*id.* at 19–42). Johnson requests that this federal court dismiss the state criminal case (*id.* at 7). Johnson contends this case is not subject to abstention under *Younger v. Harris*, 401 U.S. 37 (1971), because he is asserting a violation of his speedy trial rights, and the state court docket shows "bad faith and clear constitutional violations" (*id.* at 8–13).

II.   DISCUSSION

A federal petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241 must state a claim that the petitioner is in custody in violation of the Constitution or laws of the United States. *See* 28 U.S.C. § 2241(c)(3). Section 2241 is the proper procedural vehicle (rather than a petition pursuant to 28 U.S.C. § 2254) for a person who is in custody on pending charges and has not yet been convicted in state court.

*See Stacey v. Warden, Apalachee Corr. Inst.*, 854 F.2d 401, 403 & n.1 (11th Cir. 1988) (citing *Braden v. 30th Judicial Circuit Court*, 410 U.S. 484, 489 n.4 (1973) and *Dickerson v. Louisiana*, 816 F.2d 220, 224 (5th Cir. 1987)).  Even assuming that the petitioner has properly raised a constitutional challenge to his confinement, entitling him to **seek** habeas corpus relief pursuant to § 2241, it must be determined whether the petitioner is entitled to raise his claim in a federal habeas proceeding at this time.

In order to be eligible for habeas relief, a petitioner must be "in custody," must have exhausted his available state remedies, and must demonstrate that federal interference with his state criminal proceeding is justified.  Because Johnson was confined as a pretrial detainee when he filed the instant petition, and he still is currently confined, he is "in custody" for purposes of § 2241.

When discussing exhaustion in the habeas corpus context, the court must distinguish between pretrial and post-trial situations.  It is only in the post-trial setting that exhaustion is mandated by statute.  *Compare* 28 U.S.C. § 2254(b), *with* 28 U.S.C. § 2241(c).  The terms of 28 U.S.C. § 2254(b)(1) provide that an application for a writ of habeas corpus may not be granted (post-trial) unless a petitioner has exhausted his state court remedies by presenting his claim to the highest available state court for review.  The terms of § 2241(c)(3), which empower

district courts to issue the writ before a judgment is rendered in a criminal proceeding, makes no reference to exhaustion.

Despite the absence of an exhaustion requirement in the statutory language of § 2241(c)(3), a body of case law has developed holding that although § 2241 establishes jurisdiction in the federal courts to consider pretrial habeas corpus petitions, federal courts should abstain from the exercise of that jurisdiction if the issues raised in the petition may be resolved either by trial on the merits in the state court or by other state procedures available to the petitioner.  *See Dickerson*, 816 F.2d at 225; *see also Braden*, 410 U.S. at 489–92 (exhaustion is necessary under § 2241 as well as § 2254); *Skinner v. Wiley*, 355 F.3d 1293, 1295 (11th Cir. 2004) (exhaustion is required "in all habeas cases," including those brought pursuant to § 2241); *Thomas v. Crosby*, 371 F.3d 782, 812 (11th Cir. 2004) ("Among the most fundamental common law requirements of § 2241 is that petitioners must first exhaust their state court remedies.") (Tjoflat, concurring).  The exhaustion doctrine of § 2241(c)(3) was judicially crafted on federalism grounds to protect the state courts' opportunity to confront and resolve initially any constitutional issues arising within their jurisdiction and also to limit federal interference in the state adjudicatory process.  *See Dickerson*, 816 F.3d at 225; *Braden*, 410 U.S. at 490–91.

Page 5 of 12

Further, under principles of comity and federalism, a federal court should not interfere with ongoing state criminal proceedings where the state court conviction and/or sentence are not yet final. *See Younger v. Harris,* 401 U.S. 37 (1971) (holding that federal courts are required to abstain from interfering with pending state proceedings except under certain limited exceptions). *Younger* abstention is required when: (1) state proceedings, judicial in nature, are pending; (2) the state proceedings involve important state interests; and (3) the state proceedings afford adequate opportunity to raise the constitutional issue. *Id.* There are three exceptions to the abstention doctrine: (1) there is evidence of state proceedings motivated by bad faith, (2) irreparable injury would occur, or (3) there is no adequate alternative state forum where the constitutional issues can be raised. *Id.* at 45; *Kugler v. Helfant*, 421 U.S. 117, 123–25 (1975). Untried state charges may be challenged in extraordinary circumstances under 28 U.S.C. § 2241, but only if one of the narrow exceptions to the *Younger* abstention doctrine is met. *See Hughes v. Attorney Gen. of Fla.*, 377 F.3d 1258, 1261–64 (11th Cir. 2004) (discussing *Younger*) (other citations omitted).

In *Braden*, the United States Supreme Court reiterated that absent "special circumstances," a pretrial detainee may not adjudicate the merits of an absolute defense to a state criminal charge before a judgment of conviction has been entered

by a state court. *Braden*, 410 U.S. at 489. The "derailing of a pending state proceeding by an attempt to litigate constitutional defenses prematurely in federal court" is not allowed. *Id.* at 493. In *Braden*, the Court found that the petitioner could proceed by habeas corpus because he sought to enforce the state's obligation to bring him to trial, and did not proceed in an attempt "to abort a state proceeding or to disrupt the orderly functioning of state judicial processes." *Id.* at 491. Thus, while a state petitioner's request to force the state to trial may proceed by pretrial § 2241 petition, his request to dismiss charges or otherwise prevent prosecution may not, absent a showing of "special circumstances." *Dickerson*, 816 F.2d at 226–27 (discussing *Braden* and *Brown v. Estelle*, 530 F.2d 1280 (5th Cir. 1976) (other citation omitted)). Denial of the right to a speedy trial is not such a "special circumstance." *Dickerson*, 816 F.2d at 227 (citations omitted); *see also Kowalski v. Watkins*, 544 F.2d 762, 765–66 (5th Cir.1977) (applying the *Younger* abstention doctrine to federal habeas corpus petition, as "[t]here is no practical difference between granting federal habeas relief from a pending state criminal trial and enjoining the same trial.").

The attachments to Johnson's amended habeas petition show that he filed a Demand for Speedy Trial in the trial court on September 7, 2019 (ECF No. 7 at 19–21 (Demand for Speedy Trial), 34–35 (state court docket)). On November 7, 2019,

counsel entered a notice of appearance on Johnson's behalf (*see id.* at 35 (state court docket)). Johnson filed a pro se Notice of Expiration of Speedy Trial on or about March 23, 2020 (*see id.* at 22–25 (Notice of Expiration of Speedy Trial), 36 (state court docket)). That same day, Johnson's counsel notified him that the Supreme Court of Florida had cancelled all trials to prevent the spread of COVID-19 (*see id.* at 40 (letter from counsel to Johnson)). On April 21, 2020, Johnson filed a pro se Motion for Dismissal for Failure to Try in Speedy Trial Time (*see id.* at 26–31 (motion), 36 (state court docket)). That same day, Johnson's counsel again notified Johnson that the Florida Supreme Court had suspended all jury trials due to COVID-19, and the court stated that all legal time periods were tolled (*see id.* at 42). Counsel notified Johnson that if he wanted a speedy trial once jury trials began again, another demand for speedy trial could be filed (*id.*). Counsel also notified Johnson that the court would not consider his pro se filings because he was represented by counsel; and if Johnson wished to represent himself, the issue could be addressed at his next court appearance once proceedings resumed (*id.*).

As previously discussed, *Braden* held that a petitioner may proceed by habeas corpus if he seeks to enforce the state's obligation to bring him to trial, and did not proceed in an attempt "to abort a state proceeding or to disrupt the orderly functioning of state judicial processes." 410 U.S. at 491. Here, Johnson does not

seek to simply push the state charges to trial; instead, he seeks pretrial federal interference in the normal functioning of the state's criminal processes and dismissal of the criminal case (*see* ECF No. 7 at 7).

Further, Johnson has not shown that he has no available state corrective process, and he presents no argument that would warrant federal court interference in the normal functioning of the state's criminal processes. Johnson may assert his speedy trial rights in the state trial court, *see* Fla. R. Crim. P. 3.191, and on direct appeal, *see Crockett v. State*, 206 So. 3d 742 (Fla. 1st DCA 2016) (reviewing defendant's claim that delay between filing of information and defendant's continued prosecution violated defendant's Sixth Amendment right to speedy trial). As Johnson's counsel advised him, and this court has verified by taking judicial notice of the administrative orders issued by the Supreme Court of Florida beginning on March 13, 2020,[2] all time periods involving the speedy trial procedures in Florida state criminal cases are suspended until certain conditions regarding containment of COVID-19 are satisfied. Once the suspension of state court proceedings due to the pandemic is lifted, Johnson may (through his counsel or pro se, if the trial court

---

[2] *See In re Amendment to Fla. Rule of Jud. Admin.* 2.205, 291 So. 3d 899 (Fla. Mar. 13, 2020) (Mem); *In re: COVID-19 Emergency Proc. in the Fla. State Cts.*, Fla. Admin. Order No. AOSC20-13 (March 13, 2020) and subsequent amendments.

determines he is qualified to do so) assert his speedy trial challenges to his criminal prosecution.

Moreover, Johnson has not alleged facts showing that his state prosecution is motivated by bad faith; nor has he alleged facts entitling him to review under the "irreparable injury" exception. *See Younger*, 401 U.S. at 53–54 (citing *Watson v. Buck*, 313 U.S. 387, 402 (1941) (finding that irreparable injury exists if the statute under which a defendant is being prosecuted is "flagrantly and patently violative of express constitutional prohibitions in every clause, sentence and paragraph, and in whatever manner and against whomever an effort might be made to apply it" or if unusual circumstances exist that would call for equitable relief); *Carden v. Montana*, 626 F.2d 82, 84 (9th Cir. 1980) ("Only in cases of proven harassment or prosecutions undertaken by state officials in bad faith without hope of obtaining a valid conviction, and perhaps in other extraordinary circumstances where irreparable injury can be shown, is federal injunctive relief against pending state prosecutions appropriate.").

III.   CONCLUSION

It plainly appears from the face of Johnson's amended habeas petition and exhibits, as well as the administrative orders issued by the Supreme Court of Florida, that the amended habeas petition should be dismissed because Johnson has not

properly exhausted his state court remedies, and he has not shown that he should be excused from the exhaustion requirement. Additionally, the *Younger* abstention doctrine applies. Johnson asks this federal court to abort the pending state criminal case, but he has not shown "special circumstances" that warrant such federal interference with the state criminal process. Further, the state courts have adequate and effective state procedures to review Johnson's speedy trial claims. Under these circumstances, summary dismissal is appropriate under 28 U.S.C. § 2243.

## IV.    CERTIFICATE OF APPEALABILITY

A certificate of appealability is required for a pretrial detainee to appeal the dismissal of a federal habeas corpus petition. *See Hiteshaw v. Butterfield*, 262 F. App'x 162, 163 (11th Cir. 2008) (unpublished but recognized as persuasive authority) (citing 28 U.S.C. § 2253(c)(1)(A) and *Medberry v. Crosby*, 351 F.3d 1049, 1063 (11th Cir. 2003)). "Section 2253(c) permits the issuance of a COA only where a petitioner has made a 'substantial showing of the denial of a constitutional right.'" *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003) (quoting § 2253(c)(2)). "At the COA stage, the only question is whether the applicant has shown that 'jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve

encouragement to proceed further.'" *Buck v. Davis*, 137 S. Ct. 759, 773 (2017) (citing *Miller-El*, 537 U.S. at 327).

Here, Petitioner cannot make the requisite showing. Therefore, the undersigned recommends that the district court deny a certificate of appealability in its final order. If Petitioner objects to this recommendation, he may present argument on the issue of whether a certificate should issue by bringing it to the district judge's attention in his objections.

Accordingly, it is **ORDERED**:

Petitioner's motion to proceed in forma pauperis (ECF No. 8) is **GRANTED**.

And it is respectfully **RECOMMENDED**:

1. That the amended habeas petition (ECF No. 7) be **DISMISSED without prejudice** for failure to exhaust state court remedies and pursuant to the abstention doctrine of *Younger v. Harris*, 401 U.S. 27 (1971).

2. That a certificate of appealability be **DENIED**.

At Pensacola, Florida, this 21st day of July 2020.

/s/ *Elizabeth M. Timothy*
**ELIZABETH M. TIMOTHY**
**CHIEF UNITED STATES MAGISTRATE JUDGE**

## **NOTICE TO THE PARTIES**

**Objections to these proposed findings and recommendations must be filed within fourteen (14) days after being served a copy thereof.** <u>**Any different deadline that may appear on the electronic docket is for the court's internal use only and does not control.**</u>  **A copy of objections shall be served upon all other parties.  If a party fails to object to the magistrate judge's findings or recommendations as to any particular claim or issue contained in a report and recommendation, that party waives the right to challenge on appeal the district court's order based on the unobjected-to factual and legal conclusions.** *See* **11th Cir. Rule 3-1; 28 U.S.C. § 636.**